Stephen M. SILVERMAN, Plaintiff,

v.

CBS, INC., Defendant.

No. 84 Civ. 1894 (GLG).

United States District Court,
S.D. New York.

Jan. 5, 1988.

Barry I. Fredericks, White Plains, N.Y., for plaintiff.

Moses & Singer, New York City. By: David Rabinowitz, of counsel, for defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The defendant moves for damages and attorneys' fees against the plaintiff with respect to its counterclaim for copyright infringement. In our decision of April 14, 1986, we found that the plaintiff, without authorization, reproduced parts of CBS's copyrighted works, prepared a derivative work and distributed copies of that work. He also improperly copyrighted his infringing script as an original. We granted the defendant's motion for summary judgment on the first and fifth counterclaims for infringement of its copyrights in the post–1948 Amos 'n' Andy radio programs, but reserved for later determination the issue of damages. *Silverman v. CBS, Inc.*, 632 F.Supp. 1344, 1352 (S.D.N.Y. 1986).

The defendant seemed originally to be seeking only statutory damages pursuant to 17 U.S.C. § 504, increased for willful infringement pursuant to subsection (c)(2). *See Silverman*, 632 F.Supp. at 1352–53 n. 11 (discussing this issue). They now seek, however, plaintiff's profits attributable to the infringement. 17 U.S.C. § 504(b).[1] The plaintiff's only profits with respect to the production of his musical play were $20,000 received from backers. He has demonstrated that he had expenses, prior to the court's decision holding the scripts to be infringing, exclusive of legal fees,[2] in the amount of $10,596.93. Consequently, we award the defendant damages on its counterclaim of $9,403.07.

The matter of counsel fees is a good deal more complex. The defendant sought counsel fees in the amount of $185,887.25. The counsel fees are sought both under the copyright laws, 17 U.S.C. § 505, as well as under Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927. As a prevailing party in the copyright action, the defendant would seem entitled to counsel fees. Moreover, in light of the plaintiff's continued misrepresentations of the source of his original script, as well as other contradictions as to whom the scripts had been submitted, which prolonged the action and necessitated additional legal fees by the defendant, attorney fees are justified under the procedural sections as well.[3]

Concededly, the defendant has expended enormous amounts for legal fees in this case. The problem is that most of these fees were involved in defending the basic action which this court has earlier found to raise substantial unique legal issues. It is extremely difficult to separate the defendant's legal fees in the action in chief from those attributable simply to the counterclaim necessitated by the infringement. Moreover, as to the copyright infringement alone, attorneys' fees pursuant to the statute should be "reasonable" rather than actual, and should bear some relationship to the amount recovered. Goldberg, *Copyright Law*, N.Y.L.J., May 15, 1987, at 1, col. 1. In light of this, we are constrained to award the defendant only $10,000 as attorneys' fees. The defendant will settle a judgment for damages and attorneys' fees accordingly.

SO ORDERED.

---

1. The distinction has little material effect in that statutory damages could have run as high as $10,000, even without an award for willfulness.

2. He has, of course, expended huge sums for legal fees in this matter, but they are not deductible from profits. *Kingsrow Enter., Inc. v. Metromedia, Inc.*, 203 U.S.P.Q. (BNA) 598, 600 (S.D.N.Y.1978) [Availble on WESTLAW, 1978 WL 953]; *Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 586 (5th Cir.1980).

3. We have, by earlier decision of December 3, 1987, determined that there was no showing that his counsel were responsible for these deeds and have absolved them of any responsibility for their payment.